✐ JS-44  (Rev 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Gary B. Saunders

**DEFENDANTS**

Borough of Ambler, Jeff Borkowski and William Foley

**(b)** County of Residence of First Listed Plaintiff ___ Montgomery County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ___ Montgomery County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Theodore Q. Thompson, Esquire
650 Sentry Parkway, Suite One
Blue Bell, PA   19422
610-941-2192

Attorneys (If Known)

Christopher Boyle, Sr., Esquire (610-354-8476)
620 Freedom Business Center, Suite 300, King of Prussia, PA 19406

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

X 3. Federal Question
(U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity
(Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | X 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits.<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 195 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| | | | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing / Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities- Employment<br>☐ 446 Amer. w/Disabilities- Other<br>x 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **IMMIGRATION**<br>☐ 426 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding | X 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983

Brief description of cause: Violation of Fourth Amendment
Violation of Fourth Amendment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   x No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   JUDGE ___ N/A ___   DOCKET NUMBER

DATE   December 10, 2010

SIGNATURE OF ATTORNEY OF RECORD
*Christopher Boyle Jr.*

## FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

I.   <u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| **Gary B. Saunders** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| **Borough of Ambler, Jeff Borkowski and** | : | |
| | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.


**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.          ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
       and Human Services denying plaintiff Social Security Benefits.          ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
       exposure to asbestos.          ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
       commonly referred to as complex and that need special or intense management by
       the court.  (See reverse side of this form for a detailed explanation of special
       management cases.)          ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.   (X)


| | | |
|---|---|---|
| 12/10/10 | Christopher Boyle, Sr. | Defendants |
| Date | Attorney-at-law | Attorney for |
| | | |
| (610) 354-8476 | (610) 354-8299 | cpboyle@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |


(Civ. 660)  10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA--DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   215 South Locust Street, Ambler, PA

Address of Defendant:   122 East Butler Avenue, Ambler, PA 19002

Place of Accident, incident or Transaction   122 East Butler Avenue, Ambler, PA 19002

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?          Yes ☐     No ☒

*RELATED CASE IF ANY*

Case Number :                    Judge                         Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No X |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No X |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? | Yes ☐ | No X |

CIVIL: (Place 4in *ONE CATEGORY ONLY*)

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act--Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases (Please specify)
10. ☐ Social Security Review Cases
11. ☐ All other Federal Questions Cases (please specify)

*B. Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability--Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate category)*

I,  Christopher Boyle, Sr., Esquire _____ of record do hereby certify:

☒ Pursuant to Local Civil Rule 8, Section 4(a)(2), that to the best of my knowledge and belief, the alleged damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☐ Relief other than monetary damages is sought.


DATE:  12/10/10 _____        Christopher Boyle, Sr., Esquire _____        93002 _____


**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P.38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  12/10/10 _____        Christopher Boyle, Sr., Esquire _____        93002 _____
                                            Attorney-at-Law                              Attorney I.D. #

CIV.609
(Rev. 9/99)

04108-00469 26/1602075.v1

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**                       **Jury Trial Demanded by Defendants**
**BY:** Christopher Boyle, Sr., Esquire
ID# 93002
620 Freedom Business Center, Suite 300
King of Prussia, PA   19406
(610) 354-8476

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY B. SAUNDERS                            : Civil Action No.
                                            :
     v.                                         :
                                            :
BOROUGH OF AMBLER, JEFF BORKOWSKI,          :
WILLIAM FOLEY and UNKNOWN JOHN DOES :
                                            :

## IN THE COURT OF COMMON PLEAS OF
## MONTGOMERY COUNTY, PENNSYLVANIA

GARY B. SAUNDERS                            : NO:  10-25152
                                            :
     V.                                         :
                                            :
                                            :
BOROUGH OF AMBLER, JEFF BORKOWSKI,          :
WILLIAM FOLEY AND UNKNOWN JOHN DOES:

## <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

    Defendants, Ambler Borough, Jeff Borkowski and William Foley, by and through their

undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin and Christopher Boyle,

Sr., Esquire, hereby remove the above-captioned matter to this Honorable Court and provide

notice of same to the plaintiff.  In support of the removal, defendants aver:

1. Plaintiff instituted this action by filing a Complaint in the Court of Common Pleas of Montgomery County on or about December 2, 2010. (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A").

2. Plaintiff served the Complaint on defendants thereafter.

3. Plaintiff's Complaint avers a cause of action pursuant to 42 U.S.C. §1983 as well as pendent state tort claims.

4. The above-described Civil Action is one in which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. §1331 based upon the fact that Plaintiff's Complaint avers a cause of action arising out of Federal law, and thereby raising a Federal question. This case, therefore, should be removed to this Honorable Court by notice pursuant to 28 U.S.C. §1441.

WHEREFORE, Defendants respectfully request the above-captioned action currently pending in the Court of Common Pleas of Montgomery County, be removed to this Honorable Court.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

CHRISTOPHER BOYLE, SR., ESQUIRE
Attorney for Defendants

DATE: 12-10-10

## VERIFICATION

CHRISTOPHER BOYLE, SR., ESQUIRE, hereby states that he is attorney for Defendants, Ambler Borough, Jeff Borkowski and William Foley, herein and verifies that the statements made in the foregoing Notice of Removal are true and correct to the best of his knowledge, information, and belief.   The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. section 4904 relating to unsworn falsification to authorities.


CHRISTOPHER BOYLE, SR., ESQUIRE


DATED: 12-10-10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GARY B. SAUNDERS              : Civil Action No.
                                  :
         v.                :
                                    :
BOROUGH OF AMBLER, JEFF BORKOWSKI,  :
WILLIAM FOLEY and UNKNOWN JOHN DOES :
                                    :

**IN THE COURT OF COMMON PLEAS OF**
**MONTGOMERY COUNTY, PENNSYLVANIA**

GARY B. SAUNDERS              : NO:  10-25152
                                    :
         V.                :
                                    :
BOROUGH OF AMBLER, JEFF BORKOWSKI,   :
WILLIAM FOLEY AND UNKNOWN JOHN DOES:

**CERTIFICATE OF SERVICE**

     I, Christopher Boyle, Sr., Esquire, do hereby certify that a true and correct copy of

Defendants' Notice of Removal was served upon all parties by first class mail on the below listed

date at the following address:

Theodore Q. Thompson, Esquire
650 Sentry Parkway, Suite One
Blue Bell, PA   19422

                             MARSHALL, DENNEHEY, WARNER,
                             COLEMAN & GOGGIN

                             CHRISTOPHER BOYLE, SR., ESQUIRE
                             Attorney for Defendants

DATE: 12-16-10

# EXHIBIT "A"

04108-469

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

GARY B. SAUNDERS

                    vs.

BOROUGH OF AMBLER, JEFF

BORKOWSKI and WILLIAM FOLEY

NO. 2010-25152

### NOTICE TO DEFEND-CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19401

(610) 279-9660, EXTENSION 201

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PA.
### CIVIL ACTION - LAW

GARY B. SAUNDERS      : NO. 2010-25152

       vs.             :

BOROUGH OF AMBLER, JEFF      :
BORKOWSKI AND WILLIAM FOLEY

### CIVIL COMPLAINT

## I.  PARTIES

1. Plaintiff is Gary B. Saunders who resides at 215 S. Locust St., Ambler, Pennsylvania, who at all times described in this Complaint a Black citizen of the United States and a citizen of the Commonwealth of Pennsylvania.

2. Defendant is Borough of Ambler is a municipal corporation within the Commonwealth of Pennsylvania and at all times relevant hereto employed defendants Borkowski and Foley.

3. Defendant is Jeff Borkowski and was at all times relevant hereto a police officer and employee of the Borough of Ambler, acting in such capacity as the agent, servant and employee of Defendant Borough of Ambler.  He is sued in his individual and official capacity.

4. Defendant is William Foley and was at all times relevant hereto a police officer and employee of the Borough of Ambler, acting in such capacity as the agent, servant and employee of Defendant Borough of Ambler.  He is sued in his individual and official capacity.

5. Defendants acted under color of law and/or pretense of law.  The defendants

Page 1

engaged in a pattern of illegal conduct or policies described hereinafter which resulted in the injuries to the Plaintiff and deprived Plaintiff of the rights, privileges and immunities described herein.

## II. FACTUAL STATEMENT

    6.  On December 31, 2006, at approximately 9:50 a.m., a robbery at knifepoint occurred at the BP station located at 90 West Butler Ave., Ambler, Pennsylvania.

    7.  Responding police officers of the Borough of Ambler arrived and determined that the suspect was wearing a blue full face motorcycle helmet, a tan quilted jacket, a red turtleneck, blue sweat pants, white gloves and tan work shoes.  He was also noted as being Hispanic.

    8.  The robbery victim stated that the suspect stole approximately $850 from the cash register and an undetermined amount from a donation jar.  The money was put into a Giant grocery bag.

    9.  The robbery was recorded by a video surveillance system.

    10.  The above described clothing was recovered from behind the BP station building by the responding police officers.

    11.  A black toy gun that the robbery victim described as being in the suspect's waistband was recovered by canine on the nearby railroad tracks.

    12.  Ambler police officer Chad Cassel saw Plaintiff coming from the SEPTA parking lot wearing a black knit cap and a black leather jacket.

    13.  A witness interviewed by the police stated that he had seen Plaintiff in the area and that he had the same clothing as described by police officer Chad Cassel.

14. A written statement was taken by Defendant Burkowski of Mia Hatcher who said that she saw Plaintiff walking from the SEPTA parking lot in her direction of South Spring Garden Street and Poplar Street. He asked her to hold on to a black nylon children's book bag for him. They walked to a dollar store to buy cigarettes. Upon parting ways, Hatcher walked past the BP station and noticed numerous police vehicles in the area. She learned that there had been a robbery.

15. Defendant Borkowski talked with Plaintiff on January 3, 2007.

16. Defendant Borkowski had sent several pieces of recovered evidence to the Pennsylvania State Police Lab for processing. DNA tests were performed on the white gloves.

17. On January 3, 2007, Defendants Borkowski and Foley, without probable cause and without proper authority, went into the jurisdiction of Philadelphia for the sole purpose of interrogating Plaintiff.

18. When defendants began to question Plaintiff on his whereabouts on December 31, 2006, Plaintiff attempted to leave the custodial interrogation room but was forced to remain and to sit back down by Defendant Borkowski.

19. Defendant Foley began to tape record the interrogation.

20. When Defendant Borkowski asked if Plaintiff robbed the BP station, Plaintiff said that he wanted to place a phone call to his sister and that he wanted an attorney present before answering any questions. The defendants said that that was not necessary since he was not under arrest or a suspect, and that he had to comply due to his probationary status or that he might be returned back into custody of the state correctional prison system for refusing to cooperate.

21. Plaintiff informed defendants of his activities on December 31, 2006.

22. Defendants Borkowski and Foley, at the conclusion of the interrogation of Plaintiff, informed him that a representative of the Pennsylvania Board of Parole and Probation had visited the Ambler Borough Police Department regarding Plaintiff's home plan of residing in Ambler and inquired about the BP station robbery.

23. On March 15, 2007, Defendants Borkowski and Foley, without probable cause, obtained a search warrant to take two vials of Plaintiff's blood. This search was conducted without probable cause and without permission or consent of Plaintiff.

24. As a direct result of the defendants action, Plaintiff was administratively returned back into state custody at SCI Graterford by Community Correction Center due to the investigation by Ambler police.  Plaintiff remained there until April 10, 2007 and was then transferred to SCI Huntingdon.

25. On July 17, 2007, Defendant Borkowski, without probable cause, willfully and maliciously made an intentional misrepresentation to District Justice Zaffarano to cause her to issue a criminal complaint charging Plaintiff with, among other things, robbery, theft, receiving stolen property, and possessing instrument of crime. He had told the District Justice that he had a match of Plaintiff's DNA with that of the right glove.

26. Plaintiff remained at SCI Huntingdon.

27. On August 25, 2008, a suppression hearing was held in the Court of Common Pleas of Montgomery County in the Criminal Action No. 6975-2007 which the Commonwealth had brought against Plaintiff.

28. The Court ruled that there was no probable cause for the issuing of the search warrant for the vials of blood and that it did not comport with the four corners of

the affidavit of probable cause.

    29.  The District Attorney entered an oral motion of nolle prosequi which was granted by the Court.  The charges against the Plaintiff were dismissed.

## III. CAUSES OF ACTION

### COUNT I

    30. Plaintiff incorporates by reference paragraphs 1 - 29 as though fully set forth herein.

    31.  This is a civil litigation action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States. Defendants, while acting in their capacities as policemen in the Borough of Ambler, deprived plaintiff of his liberty without due process of law, made an unreasonable search and seizure of Plaintiff's blood and deprived plaintiff of his property without due process of law, thereby depriving plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction of this action under 42 U.S.C. Section 1983 and under 28 U.S.C. Section 1343.

    32. By means of their illegal search and seizure and unlawful detention of plaintiff and the malicious charges they placed against him, defendants  deprived plaintiff of his liberty without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section 1983.

    33. The acts of Defendants were willful, wanton, malicious and oppressive and

were motivated solely by a desire to harm plaintiff for illegal reasons or by hatred of, or ill-will toward, plaintiff. Such acts therefore deserve an award of punitive damages.

WHEREFORE Plaintiff demands judgment against Defendants  jointly and severally, for compensatory damages, and further demands judgment against each of said individual defendants, jointly and severally, for punitive damages, plus attorneys fees and the costs of this action and such other relief as to this Court seems just, proper, and equitable.

## COUNT II

34.  Plaintiff incorporates by reference paragraphs 1 - 33 as though fully set forth herein.

35.  On or about December 31, 2006, Plaintiff was lawfully present in the Ambler and was visiting friends and family. Although the plaintiff went about his business and committed no crime, defendants with deliberation and malice, and without probable cause focused on Plaintiff and eventually caused his arrest.

36.  Thereafter, on July 17, 2007 defendants falsely and maliciously and without probable cause and provocation charged plaintiff with the crime of robbery by swearing to a false affidavit before a Magistrate.

37.  On August 25, 2008, a suppression hearing was held in the Court of Common Pleas of Montgomery County in the Criminal Action No. 6975-2007 which the Commonwealth had brought against Plaintiff.

38. The Court ruled that there was no probable cause for the issuing of the search warrant for the vials of blood and that it did not comport with the four corners of

the affidavit of probable cause.

39. The District Attorney entered an oral motion of nolle prosequi which was granted by the Court. The charges against the Plaintiff were dismissed.

40. The acts of Defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm plaintiff for illegal reasons or by hatred of, or ill-will toward, plaintiff. Such acts therefore deserve an award of punitive damages.

WHEREFORE Plaintiff demands judgment against Defendants jointly and severally, for compensatory damages, and further demands judgment against each of said individual defendants, jointly and severally, for punitive damages, plus attorneys fees and the costs of this action and such other relief as to this Court seems just, proper, and equitable.

## COUNT III

41. Plaintiff incorporates by reference paragraphs 1 - 40 as though fully set forth herein.

42. Among the acts pursuant to such conspiracy and agreement, Defendants fabrication of evidence, suppression of exculpatory evidence, misleading prosecutors, and perjury, with the improper purpose of procuring said criminal prosecution.

43. The criminal charges were solely based on, and in reliance on the false and perjured testimony of defendants and by reason of their omissions or distortions of facts and by perjured testimony by defendants.

44. The acts of Defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm plaintiff for [reasons] or by hatred of, or ill-will

toward, plaintiff. Such acts therefore deserve an award of punitive damages

WHEREFORE Plaintiff demands judgment against Defendants jointly and severally, for compensatory damages, and further demands judgment against each of said individual defendants, jointly and severally, for punitive damages, plus attorneys fees and the costs of this action and such other relief as to this Court seems just, proper, and equitable.

## COUNT IV

45. Plaintiff incorporates by reference paragraphs 1 - 44 as though fully set forth herein.

46. Defendants for no lawful reason implied to Plaintiff that they could make Plaintiff's life difficult with the state correctional system by charging Plaintiff with the robbery.

47. The illegal arrest of Plaintiff by Defendants were solely motivated by their personal animus toward Plaintiff and was an unlawful and malicious attempt to harass, intimidate, and punish Plaintiff for exercising his constitutional rights and was an oppressive and unlawful attempt to limit Plaintiff's access to the courts, and Plaintiff was falsely arrested and detained, all in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. section 1983.

48. The acts of Defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm plaintiff for illegal reasons or by hatred of, or ill-will toward, plaintiff. Such acts therefore deserve an award of punitive damages.

WHEREFORE Plaintiff demands judgment against Defendants jointly and severally, for compensatory damages, and further demands judgment against each of said individual defendants, jointly and severally, for punitive damages, plus attorneys fees and the costs of this action and such other relief as to this Court seems just, proper, and equitable.

## COUNT V

49. The allegations in paragraphs 1 through 48 are incorporated by reference herein as though fully set forth.

50. The conspiracy and acts of defendants as set forth above constitute actionable torts recognized under the laws of the Commonwealth of Pennsylvania, including, inter alia:

   a. False arrest;

   b. False imprisonment;

   c. Illegal search and seizure;

   d. False swearing to authorities;

   e. Obstruction of justice;

   f. Tampering with evidence;

   g. Intentional infliction of emotional distress;

   h. Official oppression;

   i. Abuse of process;

   j. Malicious prosecution.

51.  Solely as a result of defendants' said conspiracy and acts, Plaintiff has suffered and continue to suffer the damages and injuries set forth more fully herein.

WHEREFORE Plaintiff demands judgment against Defendants  jointly and severally, for compensatory damages, and further demands judgment against each of said individual defendants, jointly and severally, for punitive damages, plus attorneys fees and the costs of this action and such other relief as to this Court seems just, proper, and equitable.

## COUNT VI

52.  The allegations in paragraphs 1 through 51 are incorporated by reference herein as though fully set forth.

53.  Defendant Borough of Ambler is the employer of the named defendants and as such is responsible for each of their actions, individually and in concert with each others.

54.  Defendant Borough of Ambler either sets or permits the enactment of polices, procedures or customs pertaining to the conduct and behavior of its police department and its police officers.

55.  Said actions were undertaken by defendants in their capacities as final decision-makers pursuant to authority granted to them and such actions represented official municipal policy and practice.

56.  Defendant Borough of Ambler has as its policy, custom or practice the complained of above conduct and permits training along those lines.

57.  It is the custom and practice of defendant Borough of Ambler to permit its police officers to use unauthorized, deceptive and fraudulent tactics to arrest and

search a person without an arrest or search warrant in a non-exigent circumstance.

58.  It is further the custom and practice of defendant Borough of Ambler to permit and encourage its police officers to use unauthorized, deceptive and fraudulent tactics to arrest and search a person without an arrest or search warrant in a non-exigent circumstance because its Black residents are known to be less likely to protest any mistreatment or misconduct by the police if their civil or other rights are violated than are white residents.

59.  Defendant Borough of Ambler has known that its police officers have used illegal or unconstitutional tactics in the performance of its duties but it has failed to institute and/or carry out policies and procedures to prevent or instruct against its occurrence.

60.  In spite of protests by Plaintiff of his innocence and noninvolvement, Plaintiff received mistreatment by the defendants, there was no substantive investigation into the charges against Plaintiff, nor into the actions of defendants. The known lack of a substantive investigation to be conducted as to defendants and no possibility of disciplinary action against any of the offending defendants establishes a de facto policy which condones and encourages the complained of conduct.

61.  As a direct, proximate and natural result of the illegal arrest and search, use of unauthorized, deceptive and fraudulent tactics to arrest and search a person without an arrest or search warrant in a non-exigent circumstance by the defendants, Plaintiff was subjected to false arrest, false imprisonment, extreme fright and shock, embarrassed and humiliated and suffered from mental anguish, nervousness, shame,

loss of sleep, loss of enjoyment of life, anxiety and a loss of a feeling of well being and security.

WHEREFORE Plaintiff demands judgment against Defendants  jointly and severally, for compensatory damages, and further demands judgment against each of said individual defendants, jointly and severally, for punitive damages, plus attorneys fees and the costs of this action and such other relief as to this Court seems just, proper, and equitable.


THEODORE Q. THOMPSON
ATTORNEY FOR PLAINTIFF
ATTORNEY I.D. #17826
650 SENTRY PKWY, SUITE ONE
BLUE BELL, PA 19422
(610) 941-2192

COMMONWEALTH OF PENNSYLVANIA:

                                                        SS

COUNTY OF MONTGOMERY                    :


    I, Gary B. Saunders, being duly sworn according to law, deposes and says that I give this affidavit in the above captioned matter and the facts set forth in the attached are true and correct to the best of my knowledge, information and belief.

    I verify that the statements made in this Affidavit are true and correct. I understand that false statements herein are made subject to penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.


GARY B. SAUNDERS

Dated: November 30, 2010

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PA.
## CIVIL ACTION - LAW

GARY B. SAUNDERS        : NO. 2010-25152

       vs.             :

BOROUGH OF AMBLER, JEFF      :
BORKOWSKI AND WILLIAM FOLEY

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiff's Complaint was served upon counsel by First Class Mail, Postage Pre-Paid and addressed as follows:

Christopher Boyle, Esquire
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406


THEODORE Q. THOMPSON
ATTORNEY FOR PLAINTIFF
ATTORNEY I.D. #17826
650 SENTRY PKWY, SUITE ONE
BLUE BELL, PA 19422
(610) 941-2192

Dated: 11/30/2010